GEORGETTA GALE

*vs.*

LILLIAN S. KEECH ET AL.

*Construction of Will—Gift of Residuary Estate.*

A gift by testator of all the residue of his estate, real and personal, to his wife, "according to the provisions directed by law," is to be construed as giving all the residuary estate to his wife; the phrase in quotations coming far short of evidencing an intention that the wife should receive only a part of the residuary estate.                                                                                     p. 204

*Decided November 21st, 1919.*

Appeal from the Circuit Court for Anne Arundel County, In Equity (Moss, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*James M. Munroe,* for the appellant.

No appearance for the appellees.

URNER, J., delivered the opinion of the Court.

The object of this proceeding is to obtain a judicial construction of the residuary clause of the will of George Gale, of Anne Arundel County, who died in the year 1856. After making two pecuniary bequests of three thousand dollars each,

the will concludes as follows: "All the residue of estate real and personal I leave to my beloved wife Susan Matilda Gale according to the provisions directed by law." The testator died seized of a farm of six hundred and seventy-two acres in Anne Arundel County, and it is the title to that property which is involved in the question now raised as to the construction of the residuary clause just quoted.

The will is dated July 16, 1856, and the testator died within a few days after its execution. He was survived by his wife, who gave birth to their only child, a daughter, shortly after the father's death. The widow entered into possession of the real estate of her deceased husband, and on February 17, 1857, conveyed by deed an undivided two-thirds interest in the farm, and a like proportion of the residue of the personal estate, to her father, Augustus Mathiot, in trust to apply the income thereof to the support and education of her daughter, Georgetta Mathiot Gale, until she arrived at the age of twenty-one years, any surplus income not required for the objects stated to be paid to the grantor, and after the daughter became twenty-one years of age, it was provided that the whole of the income should be paid to her for life. The trust estate was limited in remainder to the issue of the daughter living at the time of her death, but in default of such issue, then to Susan M. Gale, the grantor, or to her heirs, personal representatives or assigns. Subsequently Mrs. Gale married Frederick Anspach, and this union resulted in the birth of a daughter, Lillian S. Anspach, who is now the wife of Edward P. Keech. The testator's daughter, Georgetta M. Gale, has never married. It appears from the record that his widow, Susan M. Gale, is now deceased, but the date of her death is not stated. Mrs. Keech is now trustee under the deed of trust by appointment of the Circuit Court for Anne Arundel County, in equity, under whose jurisdiction the trust has been administered.

The deed of trust refers to the property conveyed as being part of the residuary estate devised and bequeathed to Mrs.

Gale, the grantor, by the will of her husband, as her "own absolute property and estate in fee simple." In 1891, thirty-four years after the trust was created, a case stated between Georgetta M. Gale and Lillian S. Keech, individually and as trustee, was presented to the Court having jurisdiction over the trust, for the purpose of having the residuary clause of the will of George Gale construed in so far as it affected the title to the real estate which the deed of trust purported to convey. The question of interpretation thus raised was whether the testator did not intend his widow to take merely such interests in the residue of his estate as were secured to her by statute. According to this theory, if adopted, it would be held that the widow took only a dower interest in the realty, and that the testator died intestate as to the remainder of the title, which thereupon descended to his daughter as his only heir at law. The effect of such a decision would be to render the deed of trust inoperative and to recognize Georgetta M. Gale as the sole and absolute owner of the property since the termination of her mother's dower. The case stated was heard by the late JUDGE I. THOMAS JONES, afterwards a member of this Court, and his opinion, filed March 12, 1892, thus disposes of the question of construction submitted for his determination:

> "I am of opinion that Mrs. Susan M. Gale took an absolute interest in the residue of both real and personal property. There does not seem to be room for any other construction. It seems entirely clear that the testator did not intend to die intestate as to any of his property and he would have died intestate as to by far the major part of it if, as suggested in the case stated, this clause of the will is to be held as giving the wife only a life estate or what would be a widow's share of an intestate's estate. The daughtsman of the will here in question does not appear to have been a very skillful one, but surely more apt terms would have been employed to give effect to testator's purpose if his instructions had been to make the will give to the wife only a life estate or a widow's share of the estate. It

is hard to divine what significance in the draughts-
man's mind attached to the words, 'according to the
provisions as directed by law,' but there certainly
appears to be no reason, and it would be contrary to
the whole scheme of the will, to treat them as words
of limitation upon the estate disposed of by the will.
The most natural and obvious meaning to be given
them is that the testator meant to conform to the pro-
visions of law governing and regulating the formal
execution of wills."

No decree was ever passed by JUDGE JONES in pursuance
of his opinion filed in the case, and no further action was
taken to question the title devised to the testator's widow
until the present proceeding was instituted for that purpose
in November, 1918. It is upon a petition of Georgetta M.
Gale and non-contesting answers of Lillian S. Keech and
husband, and of Mrs. Keech as trustee, that the question is
now raised. The case was heard in the Court below by
JUDGE MOSS, who accepted the view previously announced
by JUDGE JONES and passed a decree declaring that under
the residuary clause of the will of George Gale his wife "took
an absolute fee simple estate in all the residue of his prop-
erty, real and personal."

In that decision we concur. It is the only conclusion which
can give effect to the evident intention of the testator to dis-
pose of his whole estate. There may be difficulty in under-
standing what he meant by the subsequent words: "according
to the provisions directed by law," but the meaning of the
language: "All the residue of estate real and personal I leave
to my beloved wife," is perfectly clear and definite. The pur-
pose thus plainly expressed by the testator to give his wife *all*
of the residuary estate should be gratified unless the context
unequivocally provides to the contrary. The phrase "accord-
ing to the provisions directed by law," as applied to a gift to
the wife of the entire residue of the estate, comes far short
of indicating an intention that she was really to receive only

a part of the whole thus devised and bequeathed. Whatever the testator may have understood those words to mean, it is hardly to be supposed that he would have employed such an inadequate form of expression if he had desired to defeat the clear effect of the terms he had just used. As he may be presumed to have known that his wife would not receive the *whole* of the residue of his estate "according to the provisions directed by law," independently of his will, it may be reasonably assumed that this phrase had some other significance in his mind, such, perhaps, as the one suggested by JUDGE JONES in his opinion. But any interpretation of that expression is so unavoidably conjectural that it could not safely be given the effect of producing a specific reduction of the estate devised and bequeathed to the wife in its entirety. Language of such uncertain meaning is, moreover, insufficient to overcome the force of the presumption that the testator intended by the residuary clause to dispose of the whole of the residue of the estate and not to die intestate as to any part. This consideration is emphasized in the opinion of JUDGE JONES, with which we fully agree.

*Decree affirmed, with costs.*